UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT ORTIZ,

Petitioner,

v.

SIRCOYA M. WILLIAMS,

Respondent.

No. 2:26-cv-01598-DJC-CKD P

ORDER

Petitioner Vincent Ortiz filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (ECF Nos. 1, 6.) Examination of petitioner's in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). However, the court has screened the petition and finds it plainly appears that petitioner is not entitled to relief. Although it appears petitioner will not be able to correct the deficiencies discussed herein by amendment, petitioner will have an opportunity to file an amended petition before the undersigned recommends dismissal of this action.

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss

a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Through this petition, petitioner challenges both a parole board decision and his underlying convictions sustained on June 2, 1994. (ECF No. 1, generally.) Petitioner asserts claims described as follows:

Ground One: Cruel and unusual punishment, unconstitutionally excessive punishment, grossly disproportionate of culpability;

Ground Two: No state evidence established a rational nexus supporting the denial of parole in violation of petitioner's Fourteenth Amendment right to due process of law;

Ground Three: Due process violation based on lack of evidentiary hearing at every level of state habeas proceeding.

(ECF No. 1 at 5, 11-12.)

As to Ground One, the court's records reveal that petitioner previously filed an application for writ of habeas corpus attacking the June 1994 conviction and sentence which is challenged again in this case. The previous application was filed on August 4, 1999, and was denied on the merits by order filed on May 8, 2009, with judgment entered on May 9, 2009. See Ortiz v. Roe, No. 1:99-cv-06255-REC-HGB. Before petitioner can proceed with the instant application challenging the sentence for that same state court judgment, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit. See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001).

As to Ground Two, federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Instead, the only federal right at issue is procedural. See Swarthout v. Cooke, 562 U.S. 216, 220-22 (2011). Specifically, when a State creates a liberty interest in parole, the Due Process Clause requirements are minimal, consisting of an opportunity to be heard and a statement of the reasons why parole was denied. Id. at 220. Petitioner does not

allege that he was denied either an opportunity to be heard or a statement of reasons for the denial of parole. Instead, petitioner challenges the evidentiary basis for the decision, which cannot be reviewed by this court.

As to Ground Three, to the extent petitioner challenges the lack of an evidentiary hearing in state court habeas proceedings, the petition fails to state a claim. An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A petitioner must state facts that point to a real possibility of constitutional error. See Advisory Committee Notes to Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 655 (2005). California courts may deny a habeas petition without holding an evidentiary hearing. See People v. Romero, 8 Cal. 4th 728, 739 (1994), as modified on denial of reh'g (Jan. 5, 1995) (discussing state habeas procedure). No provision of the United States Constitution or other federal law required the state court to afford petitioner an evidentiary hearing in his state court habeas proceedings.

For the reasons explained above, it plainly appears from the petition and the record of prior proceedings that petitioner is not entitled to relief. Before the undersigned recommends dismissal of this action, petitioner will have an opportunity to either file a notice of voluntary dismissal or an amended petition that demonstrates his claims should be allowed to proceed.

In accordance with the above, IT IS ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is GRANTED
2. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
3. Within 30 days of the date of service of this order, petitioner shall file either an amended petition bearing the case number assigned to this action on the provided form or a notice of voluntary dismissal; failure to respond to this order will result in a recommendation that this case be dismissed.

Dated: July 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 orti1598.scrn